## SAMUELS et al. v. AMERICAN AUTOMOBILE INS. CO.

### No. 3089.

Circuit Court of Appeals, Tenth Circuit.

June 20, 1945.

R. D. Hudson, of Tulsa, Okl. (R. A. Wilkerson, of Pryor, Okl., and Ben Murdock, of Tulsa, Okl., on the brief), for appellants.

V. P. Crowe, of Oklahoma City, Okl. (Embry, Johnson, Crowe, Tolbert & Shelton, and C. Harold Thweatt, all of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On May 24, 1942, the American Automobile Insurance Company [1] issued its automobile liability insurance policy covering a 1939 Chevrolet Sedan automobile, in which Minnie Richman [2] was the named insured. The policy provides:

"III. Definition of 'Insured.' The unqualified word 'insured' * * * includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile * * * provided the actual use of the automobile is with the permission of the named insured."

It provides that the Insurance Company shall "pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance, or use of the automobile."

Shortly before the issuance of the policy, the named insured had purchased the automobile and had taken title thereto in her own name. Her son, Israel J. Richman, paid a portion of the purchase price of the automobile. He was about to be inducted into the Army and the named insured turned the automobile over to him without any express limitations or restrictions as to its use.

Thereafter, Richman was stationed at Camp Gruber, near Muskogee, Oklahoma, and there had the automobile in his possession pursuant to his mother's general permission to use it. He obtained a weekend leave and in company with a fellow soldier, Clinton F. Kresge, left the post on the afternoon of September 5, 1942, in the automobile and proceeded to a beer tavern near Salina, Oklahoma, where they danced and drank intoxicating liquor. Richman rented a room and retired about midnight. About 5 a. m., September 6, 1942, while the automobile was being driven by Kresge, accompanied by a girl friend,

a collision occurred between such automobile and an automobile in which Carl R. Samuels, Ada Briggs, Ruby Duncan, Sam F. Brown, and Mrs. Sam F. Brown were riding. The collision occurred on U. S. Highway 20, at a point not far distant from the tavern. At the time of the collision, Richman was not riding in the insured automobile and Kresge was using it on a mission purely personal to himself. The occupants of the other automobile commenced actions against Richman alone to recover damages for injuries resulting from the accident. Samuels and Briggs filed their actions in the United States District Court for the Eastern District of Oklahoma. The other occupants filed their actions in the District Court of Muskogee County, Oklahoma. In the complaint in each of such actions it was alleged that Richman was negligent in permitting Kresge to take and drive the insured automobile with knowledge that Kresge was in a drunken condition and not a fit person to drive such automobile, and that such negligence was the proximate cause of the injuries suffered.

In his answers, Richman denied that either he or Kresge was intoxicated and denied that he permitted Kresge to take and drive the automobile.

The actions brought by Samuels and Briggs were consolidated and tried before the court without a jury. In the consolidated case the court found that Richman and Kresge went to the tavern and there danced and drank beer; that Kresge became noticeably intoxicated; that later in the night, Kresge obtained from Richman the keys to the insured automobile, and thereafter used and drove such automobile; that Richman, knowing that Kresge was in a drunken condition and not a suitable person to drive such automobile, permitted Kresge to take and drive it and, in so doing, was guilty of negligence, and that such negligence was the proximate cause of the injuries to Samuels and Briggs.

A judgment was rendered in favor of Samuels for $4,135 and in favor of Briggs for $4,982. The actions brought against Richman in the state court were still pending when the instant action was tried below.

After the judgments were rendered in the consolidated case, the Insurance Company brought this action in the United States

---

[1] Hereinafter called the Insurance Company.

[2] Hereinafter referred to as the named insured.

District Court for the Northern District of Oklahoma against Richman and the several plaintiffs in the damage actions seeking a declaratory judgment adjudging whether it was obligated to pay the judgments recovered in the consolidated case and to defend the actions pending in the state court.

The court entered its judgment adjudging that the Insurance Company was not obligated to pay the judgments recovered in the consolidated case, nor to defend the actions pending in the state court. The defendants below, other than Richman, have appealed.

The question here presented is whether Richman, at the time of the accident, was within the provision: "The unqualified word 'insured' * * * also includes any person while using the automobile * * * provided the actual use of the automobile is with the permission of the named insured." In other words, was Richman using the automobile at the time of the collision and was the actual use at the time of the accident with the permission of the named insured?

There can be no question that Richman had permission from the named insured to use the insured automobile at the time of the accident. It is equally clear that at the time of the accident Kresge had neither the express nor implied permission of the named insured to use such automobile. Neither had the named insured delegated to Richman authority to permit Kresge to use the automobile. At the time of the accident, Kresge was using the automobile solely in his own behalf. He was not using it to serve any purpose, benefit, or advantage of Richman. It is true that the words "use" and "using" are broader than the words "operate" and "operating." Webster's New International Dictionary, 2d Ed., defines the word "use" as follows: "Act of employing anything." The New Century Dictionary defines it as follows: "To employ for some purpose, put into service, or make use of * * *; apply to one's own purposes." Where A operates B's automobile, with B's consent and for B's purpose, benefit, or advantage, it may be said that B is using the automobile, but, where A operates B's automobile, with B's consent, solely for A's purposes, and in no sense for any purpose, benefit, or advantage of B, it cannot be said that B is using the automobile.[3]

Under the provision of the policy the word "insured" includes a "person while using the automobile" only when the actual use of the automobile at the time of the accident is with the permission of the named insured.[4] It has generally been held that where A, the owner of an automobile, gives general permission to B to use the automobile and B gives permission to C to use the automobile solely for C's purpose, benefit, or advantage, and the automobile is involved in an accident while being so used by C, such use is not with the permission of the named insured.[5]

Accordingly, we conclude that the claims of liability asserted against Richman by the plaintiffs in the damage actions are not within the coverage of the policy.

The judgment is, therefore, affirmed.

[3] Brown v. Kennedy, Ohio App., 49 N. E.2d 417, 419–421; Id., 141 Ohio St. 457, 48 N.E.2d 857, 859, 860; American Automobile Ins. Co. v. Taylor, D.C.Ill., 52 F. Supp. 601, 602, 603; Tutton v. State, 28 Ga.App. 152, 110 S.E. 455, 456; Maryland Casualty Co. v. Beckham, 163 Miss. 836, 143 So. 883; In re Holmes' Estate, 233 Wis. 274, 289 N.W. 638, 640, 641.

[4] Johnson v. Maryland Casualty Co., D. C.Wis., 34 F.Supp. 870, 871; Trinity Universal Insurance Co. v. Woody, D.C.N.J., 47 F.Supp. 327, 329; Hawkeye Casualty Co. v. Western Underwriter's Ass'n, Inc., D.C.Idaho, 53 F.Supp. 256, 262; Cypert v. Roberts, 169 Wash. 33, 13 P.2d 55, 56; Indemnity Ins. Co. of North America v. Sanders, 169 Okl. 378, 36 P.2d 271, 273; Appleman, Automobile Liability Insurance, pp. 116, 121. Cf. Haeuser v. Ætna Casualty & Surety Co., La.App., 187 So. 684–688.

[5] Allstate Insurance Co. v. Hodsdon, 92 N.H. 233, 29 A.2d 782, 783; Cronan v. Travelers Indemnity Co., 126 N.J.L. 56, 18 A.2d 13, 14, 15; Trotter v. Union Indemnity Co., 9 Cir., 35 F.2d 104, 105, 106; Card v. Commercial Casualty Ins. Co., 20 Tenn.App. 132, 95 S.W.2d 1281, 1283, 1284; American Automobile Ins. Co. v. Jones, 163 Tenn. 605, 45 S.W.2d 52, 53; Kneeland v. Bernardi, 317 Mass. 578, 58 N.E.2d 823, 824; Indemnity Ins. Co. v. Jordan, 158 Va. 834, 164 S.E. 539.