The **FIDELITY AND CASUALTY COMPANY OF NEW YORK, a corporation, Appellant,**

v.

**James REECE, Appellee.**

**No. 5053.**

United States Court of Appeals Tenth Circuit.

May 25, 1955.

Rehearing Denied June 22, 1955.

---

Edgar Fenton, Oklahoma City, Okl. (Elliott C. Fenton, Oklahoma City, Okl., on the brief), for appellant.

Jack Cummins, Lawton, Okl. (Bill Logan, W. W. Godlove and Jack Brock, Lawton, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

In this garnishment action, Appellee James Reece seeks to impose liability for personal property damage under an automobile liability insurance policy issued by Appellant, The Fidelity and Casualty Company of New York to Harry Poston, dba Poston Construction Company.

Reece sustained damages from the negligent operation of a truck engaged by Poston to haul gravel in the course of his construction business for a specified sum per load. In a suit to recover the damages, Reece obtained a default judgment against the owner of the truck, Ralph Hudson, and his operator, Carl

Creswell, and after executions thereon were returned unsatisfied, he instituted this garnishment proceedings against Appellant insurance company. He contends that by the comprehensive terms of the "omnibus endorsement" to the insurance policy, Appellant extended the protection of its policy, to cover the liability of the truck owner and his operator as unnamed assureds within a specifically defined group in the endorsement.

In rendering judgment in garnishment, the trial court construed the policy as covering the truck owned by Ralph Hudson and operated by Carl Creswell, and accordingly held that the insurance company was liable for damages to the plaintiff caused by the negligent operation of the truck.

By the terms of the policy, the Appellant insurance company insured Harry Poston dba Poston Construction Company for property damage "caused by accident and arising out of the ownership, maintenance or use of any automobile." The face of the policy showed that the coverage extended to owned, non-owned and hired automobiles. An owned automobile was defined as one owned by the named insured. A hired automobile was defined as one used under contract in behalf of, or loaned to, the named insured provided that such automobile "is not owned by or registered in the name of (a) the named insured or (b) an executive officer thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile." And a non-owned automobile was defined as "any other automobile."

The word "insured" was defined in "Insuring Agreement III" of the policy to include "the named insured and also * * * any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission and any executive officer of the named insured with respect to the use

of a non-owned automobile in the business of the named insured." And it was then provided that, "The insurance with respect to any person or organization other than the named insured does not apply: * * * (d) with respect to any hired automobile, to the owner thereof or any employee of such owner; * *."

But the endorsement to the insurance policy entitled "Use of Other Automobiles" in effect provides that the definition of the word "insured" in "Insuring Agreement III" of the policy is inapplicable to any automobiles other than those owned by the named insured. And for the purposes of the endorsement, the contracting parties redefined the word "insured" to include:

"(a) Each individual named below, if a relative of and a resident in the household of the named insured or of any partner in or executive officer of the named insured, or if an executive officer or other employee of the named insured, and

"(b) the spouse of such an individual, if a resident of the same household, and

"(c) any person with respect to his presence in such other automobile with such named individual or spouse, but not his operation of the automobile, and any person or organization legally responsible for the use of the automobile by such named individual or spouse."

Harry Poston is the only "individual named below" in the endorsement.

The endorsement specifically excluded from its coverage:

"(a) * * * any automobile owned by such named individual or a member of his household other than a private chauffeur or domestic servant of the named individual or spouse;

"(b) * * * any automobile while used in the business or occupation of the named individual or spouse, unless operated or occupied by such named individual, spouse, chauffeur or servant; * * *."

Appellant earnestly contends that by specific provisions in the endorsement, coverage on automobiles not owned by Harry Poston is expressly limited to Harry Poston and to his spouse.

Appellee's argument is to the effect that the inclusion in the endorsement definition of "insured" of a group defined as "any person or organization legally responsible for the use of the automobile by such named individual or spouse" brought the truck owner and driver within the intended coverage of the policy. His reasoning is to the effect that Harry Poston was "using" the truck within the broad definition of the term, through its operation in his behalf by his servant or employee, Ralph Hudson, as distinguished from the more narrow term "operating". See Annotation 160 A.L.R. 1195, 1204, and Samuels v. American Automobile Insurance Co., 10 Cir., 150 F.2d 221, 160 A.L.R. 1191. And he seeks to avoid the exclusionary effect of the endorsement relative to automobiles used in the business of the named insured "unless operated or occupied by the named individual, spouse, chauffeur or servant" by invoking the determination of the state court in the negligence action to the effect that in the operation of the truck, the truck owner and operator were employees and servants of Harry Poston. The determination of the state court on that point is said to be invulnerable to collateral attack in this proceedings and must therefore be taken as true in construing the coverage under the policy.

■ Parties may contract to extend or limit insurance liability risks as they see fit, and the issue involved here—the scope of liability insurance—is determined from the contractual intent and objectives of the parties as expressed in the policy and its endorsement. 7 Appleman, Insurance Law and Practice, 1942 Ed., Section 7481; 45 C.J.S., Insurance, §§ 827 and 829; Bennett v. Preferred Accident Ins. Co. of New York, 10 Cir., 192 F.2d 748. Doubtful or ambiguous provisions defining or limiting the scope of the risk must weigh against the insurer. Great American Ins. Co. of New York v. O. K. Packing Co., 202 Okl. 231, 211 P.2d 1014; Great American Indemnity Co. v. Deatherage, 175 Okl. 28, 52 P.2d 827; Commercial Standard Fire & Marine Co. v. Beard Well Service Co., 10 Cir., 210 F.2d 560; Tri-State Casualty Ins. Co. v. Loper, 10 Cir., 204 F.2d 557; Hawkeye Casualty Co. v. Western Underwriter's Ass'n, Inc., D.C., 53 F.Supp. 256; 10 M.J., Insurance, Sec. 25; 29 Am.Jur., Insurance, Sec. 166; Collins v. New York Casualty Co., W.Va., 82 S.E.2d 288, with cited cases. But the extent or limit of the risks, if unambiguous, must be accepted in their plain, ordinary and popular sense, and liabilities clearly not contemplated under a fair and reasonable interpretation of the contract with its omnibus provisions may not be imposed upon the contracting insurer. 45 C.J.S., Insurance, §§ 827 and 829; Farm Bureau Mut. Automobile Ins. Co. v. Daniel, 4 Cir., 104 F.2d 477; United States Fidelity & Guaranty Co. v. Briscoe, 205 Okl. 618, 239 P.2d 754.

■ Insuring Agreement III of the policy is a conventional omnibus clause extending the coverage of the policy beyond the named insured to include third persons in the use of owned or hired automobiles, and in the use of non-owned automobiles in the business of the named assured with the permission of the assured. Given its usual and ordinary interpretation, we should have no hesitancy in saying that it was designed to and did cover the liability of the truck owner and his driver while engaged in hauling gravel for the named insured, Harry Poston, on a per load basis. Such construction is entirely consistent with the purposes and design of such omnibus provisions. 45 C.J.S., Insurance, § 829; Annotation 160 A.L.R. 1195; Annotation 126 A.L.R. 546; Annotation 106 A.L.R. 1251; Annotation 72 A.L.R. 1375.

But the parties did not stop there in their definition of "insured". As we have seen, the policy contained an endorsement, also a part of the insurance contract, providing that the omnibus clause

is inapplicable to "any other automobile" than those owned by the named insured, and redefining the term "insured" for the purposes of the endorsement.

By language too clear for doubt, the contracting parties marked the boundaries of coverage for non-owned automobiles used in the business of the named assured by specifying that they must be operated or occupied by the named assured, his spouse or chauffeur or servant. The meaning of the term "insured" was restricted to include only Harry Poston as the individual specifically named in the endorsement, his spouse, if a resident of the same household, and any person with respect to his presence in the non-owned automobile with the named assured or his spouse. But it is clearly provided that such third person is not covered with respect to his operation of the non-owned automobile.

■ The suggestion that the truck owner and his driver were covered by the extension of the definition of "insured" to include any person or organization legally responsible for the "use" of the automobile by the named assured cannot be said to be a reasonable interpretation of the intended coverage of the endorsement. While it is true that the term "used by the assured" may by contractual arrangement include the operation or use by a third person for the benefit of the assured, Annotation 160 A.L.R. 1195, 1204, like any other contractual provision it is subject to interpretation in context. It is clear that the parties here intended, by specific definition in the exclusions of the endorsement, to limit coverage to the more narrow term "operation or occupation" by the named assured when the automobile was being used in the insured's business.

■ And in context, it is obvious that the parties used the word "servant" as a permissible operator of a non-owned automobile in the business of the assured within the limited meaning of a personal or domestic servant within the household of the insured rather than in the agency sense of that term as alleged by Appellee to bring the truck owner and his operator within the provided coverage.

It must be concluded, therefore, that the endorsement, instead of extending the coverage of the main policy, was intended to revoke the omnibus provisions covering the use of non-owned automobiles in the business of the assured, and to limit the coverage to the named assured or his spouse in the operation of non-owned automobiles for business purposes. By definition, therefore, the truck owner and his employee do not come within the coverage of the policy.

In view of this decision, it is unnecessary to consider the question of notice.

The judgment is reversed.