Karen Sue HORN, a minor, by and through her guardian ad litem, Wendell E. GODWIN; Howard C. Elkins; Mabel Elkins; Helen Loveless; Ida A. Davis; Jean Lomax; and Jerry Margaret Harlow, a minor, by William A. Kahrs, her guardian ad litem, Appellants,

v.

ALLIED MUTUAL CASUALTY COMPANY, DES MOINES, IOWA, a corporation, Appellee.

No. 6158.

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1959.

10. Houston Fire & Casualty Insurance Company v. United States for Use of Trane Company, 5 Cir., 1954, 217 F.2d 727, 729.

ton, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris and Gerald Sawatzky, Wichita, Kan., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

Allied Mutual Casualty Company brought this declaratory judgment action to determine its responsibility under an automobile liability insurance policy. This is an appeal from a judgment decreeing that Allied Mutual was not obligated with respect to certain claims growing out of an automobile collision. The policy's protection extended to any bodily injury and property damage liability arising from the use of an autobile owned by Charles C. Brooker, the named insured. The insured automobile was involved in an accident while being driven by Karen Sue Horn, a 15 year old girl, who had been given temporary use of the car by Brooker's stepdaughter, Jerry Margaret Harlow.

A dispute arose as to whether the "Omnibus clause" [1] in the policy obligated the insurer to defend Karen Sue in any actions brought as a result of the accident and to pay any judgments recovered against her. To settle the dispute, the insurance company joined as defendants in this action Karen Sue Horn and the owner and occupants of the other automobile involved in the collision. Later the insured, his wife, and Jerry Margaret were brought into the action as third party defendants. The complaint alleged that Jerry Margaret's permission to use the car was limited to driving it to and from school and that the use by Karen Sue was for her personal benefit and without the permission of either the insured or his wife. Karen Sue's answer alleged that the circum-

Robert S. Lomax, Wichita, Kan. (Fred J. Gasser, Wendell E. Godwin, and Clarence Holeman, Wichita, Kan., on the brief), for appellants.

Malcolm Miller, Wichita, Kan. (George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Fouls-

1. This clause reads, in part:
   "(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, the spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with permission of either * * *."

stances surrounding her use of the automobile made her an "insured" within the meaning of the policy. The answers of the other defendants claimed that their injuries and property damage were caused by the negligence of Karen Sue and that Jerry Margaret and her parents, Charles and Loree P. Brooker, were also liable under a Kansas statute (K.G.S. 1949, 8–222) for having permitted the 15 year old Karen Sue to drive the automobile, and finally that the plaintiff was responsible under its policy with respect to the liability of each of these persons. The several issues raised by the pleadings were separated for trial[2] and the issue presented here deals only with whether the insurance coverage extended to the claims against Karen Sue and Jerry Margaret. The matter was submitted to the trial court without a jury, and the court found that Karen Sue was not using the Brooker automobile with the permission of either the insured or his wife, and entered judgment to the effect that Karen Sue was not an insured within the meaning of the omnibus clause of the policy, and that the insurance company was not required to defend an action against Karen Sue or Jerry Margaret or to pay any judgment rendered against them, or either of them.

The appellants contend that Karen Sue, at the time of the accident, was using the automobile with the implied consent and permission of the Brookers and therefore was insured under the policy provisions. More precisely, their position is that the nature of Jerry Margaret's permission was such that controlling principles of law compel the conclusion that she had implied permission to allow others, including Karen Sue, to use the car. A determination of this contention requires a reference to the evidence and findings of fact relating to the nature of Jerry Margaret's permission.

Charles Brooker purchased a 1956 Ford for the primary use of his wife and stepdaughter, Jerry Margaret, who was a 16 year old high school girl. Although Brooker owned the car, it was understood that his wife should decide when Jerry Margaret would be allowed to use it. The latter had an unrestricted driver's license and Mrs. Brooker permitted her to drive to and from school several times each week. She was also frequently allowed to use the car on Sunday afternoons. However, the evidence is clear that there was no general use of the car by Jerry Margaret but, in every instance of use, she was required to obtain her mother's specific permission. Neither of the Brookers had ever instructed Jerry Margaret not to allow others to drive the car. Mrs. Brooker testified that the subject had never come up because she contemplated that her daughter would simply drive to and from school. The evidence is without conflict that Jerry Margaret had never loaned the car or permitted any one else to drive it prior to the day of the accident. However, on April 17, 1956, Jerry Margaret allowed Karen Sue to drive the car from the school to the Horn residence to pick up lunch money and a school library book, and return. Karen Sue was under 16 years of age and had only a restricted driver's permit. The accident occurred as Karen Sue was returning to the school. Until after the accident was reported to them, the Brookers did not know Karen Sue or that she had driven the car. The district court found that neither of the Brookers gave Jerry Margaret permission to allow others to drive the automobile. The court also found that at the time of the accident, Karen Sue was on a mission solely for her own benefit and that Jerry Margaret had not accompanied her on the trip to the Horn residence.

■■ The policy was issued in Kansas and the interpretation of the omnibus

2. At the close of the evidence in the trial dealing with insurance coverage, the motion of Brooker and his wife for summary judgment was granted, apparently for the reason that they had not been made parties to the declaratory judgment action.

clause is to be determined by the law of that state. Fisher v. Firemen's Fund Indemnity Co., 10 Cir., 244 F.2d 194. It is urged that Gibbs v. Central Surety & Ins. Corp., 163 Kan. 252, 181 P.2d 498, is controlling, but we think not. In that case the court considered the question of whether liability incurred by a second permittee was within the coverage of an omnibus clause similar to the one under consideration here. The named insured's husband borrowed the automobile covered in the liability policy for use on a business trip. It was customary for him and a fellow-employee, Gibbs, in the course of their employment, to travel together in one automobile. They normally took turns providing the use of their respective automobiles for such travel and usually shared the driving. On the trip when the accident occurred, the husband's car was being repaired and the insured permitted him to use the car belonging to her. She was acquainted with Gibbs; she knew the relationship between him and her husband; and she knew that he was to accompany her husband on a joint venture for the benefit of both. During this trip, and while Gibbs was driving, an accident occurred. The court concluded that at the time of the accident, the circumstances were such that Gibbs had the implied permission of the insured to drive her car.[3] The Kansas court followed the general rule that the permission referred to in the omnibus clause may be express or implied. It may be established by a showing of a course of conduct or relationship between the parties, including lack of objection to the use by the permittee, which signifies acquiescence or consent of the insured.

5A Am.Jur., Automobile Insurance, § 94; United Services Auto. Ass'n v. Preferred Acc. Ins. Co., 10 Cir., 190 F.2d 404. See Samuels v. American Automobile Ins. Co., 10 Cir., 150 F.2d 221, 160 A.L.R. 1191, Annotation 1195, 1202; Lumbermen's Mut. Cas. Co. v. Sutch, 3 Cir., 197 F.2d 79; Aetna Casualty & Surety Co. v. De Maison, 3 Cir., 213 F.2d 826; Farmer v. Fidelity & Casualty Co., 4 Cir., 249 F.2d 185; State Farm Mutual Automobile Ins. Co. v. Cook, 186 Va. 658, 43 S.E.2d 863, 5 A.L.R.2d 594, Annotation 600.

Clearly the facts of the Gibbs case distinguish it from the case at bar. Here the evidence is without dispute that the permission given to Jerry Margaret to drive the car was limited to use in going to and from school; she did not have permission to allow others to drive the car and, prior to the date of the accident, she had not permitted another person to operate the vehicle; she did not have general permission to use the automobile but was required to obtain permission for each particular use; she was not present on the trip when the accident occurred; and Karen Sue drove the car solely for her own use and benefit.

In Fisher v. Firemen's Fund Indemnity Co., supra [244 F.2d 196], we construed the omnibus clause of a policy issued in Kansas as to its application when the permittee deviated from the permitted use. The court used this language:

"At the time of the collision giving rise to appellants' claims against Rumpf he had deviated in time, purpose, direction, and distance to such a degree from his express permissive use that it cannot be doubted

---

3. The court said at page 504 of 181 P.2d:
"Was the car being driven with permission of Margaret Blackwell? Without reviewing the evidence, it is clear from it that V. R. Blackwell was driving the Packard Coupe with his wife's permission, and equally clear that it was being used on a joint venture of Blackwell and Gibbs and that Mrs. Blackwell was aware thereof. No other conclusion can be drawn from the evidence than

that if Margaret Blackwell did not give express permission to both her husband and Gibbs to drive the car, she did impliedly do so. As bearing on the legal results following, see Glens Falls Indemnity Co. v. Zurn, 7 Cir., 87 F.2d 988, and Aetna Life Ins. Co. v. Chandler, 89 N.H. 95, 193 A. 233, in which the omnibus clause respecting use of an automobile was held to cover a third person's use of the automobile."

that the actual use of the vehicle was not within the contemplation of the named insured. Persuaded as we are, absent a contrary Kansas ruling, that the minor deviation rule is properly applicable, it follows that the insurance company had no obligation to Rumpf under the omnibus feature of the insurance policy."

We have been cited to no case, nor has our research disclosed one, which has held that a user of another's automobile had implied permission to allow a third party to use the car for his own benefit when the initial permission was limited to the extent of that in this case.

■ Section 8–222, K.G.S.1949, provides that every owner of a motor vehicle who permits a minor under the age of 16 to drive such vehicle, and any person who furnishes a vehicle to such a minor, shall be jointly liable with the minor for damages caused by the negligent operation of the vehicle by the minor. It is urged that the foregoing section creates a liability as to Jerry Margaret for the negligence of Karen Sue. This may be true, but the omnibus clause covers the permittee only when the auto is in "actual use" with the permission of the named insured. At the time of the collision, the insured vehicle was being operated by one without the permission, express or implied, of the insured. The operation was in no sense for the benefit or purpose of the insured or the insured's permittee, and consequently neither Jerry Margaret nor Karen Sue was within the coverage of the policy. Samuels v. American Automobile Ins. Co., supra.

■■ Some time after the trial of the case, and while it was under consideration by the court, appellants filed a motion requesting permission to amend their respective answers to include the defense of estoppel and be allowed to introduce evidence in support of the amendment. A showing was made that an insurance adjuster representing the plaintiff had told some of the defendants that the policy would cover the damages caused by the collision. There was no showing that any of these recited facts were within the category of newly discovered evidence. The trial courts have wide discretion in passing on motions to amend pleadings. Whelan v. New Mexico Western Oil & Gas Co., 10 Cir., 226 F.2d 156; Anderson v. National Producing Co., 2 Cir., 253 F.2d 834, certiorari denied 357 U.S. 906, 78 S.Ct. 1151, 2 L.Ed.2d 1157; Cathedral Estates v. Taft Realty Corp., 2 Cir., 228 F.2d 85. Under the circumstances, we find no abuse of discretion.

Affirmed.