ARSENIO TOMASETTI, ADMINISTRATOR (ESTATE OF ADA TOMASETTI) *vs.* MARYLAND CASUALTY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 10th—decided November 7th, 1933.

*DeLancey S. Pelgrift,* for the appellant (defendant).

*Bernard H. Trager,* with whom was *Isadore L. Kotler,* for the appellee (plaintiff).

HINMAN, J. The defendant issued a policy insuring against loss from liability for the operation of an automobile of Martin Preneta. A provision of the policy made the insurance available to any person lawfully operating the car "with the permission of the named assured." While it was being driven by Vincent Pozucek it struck and killed the plaintiff's intestate, a judgment therefor was obtained by the plaintiff against Pozucek which has not been paid, and this action was brought to recover the amount from the insurer.

The record indicates that upon the trial as well as upon this appeal the contested issue was whether Pozucek had permission to operate the car so as to bring him within the protection of the policy. The trial court found that while title to the car was in Martin, he could not drive and it was operated by his son Peter, a minor, and by Pozucek, who is a cousin of Martin and lived on the same street; that the latter, for six or seven months, had used it two or three times a week with the knowledge and assent of Martin, who on several of these occasions was a passenger in the car; that when Pozucek took the car he asked the son Peter whether the latter intended to use it; and that on the morning of the accident Peter told his father that Pozucek had the car to go to his place of employment in Bridgeport and no objection was made by Martin.

The defendant claimed that Pozucek did not have permission for operation of the car within the terms of the policy and therefore was not an additional assured. The trial court, however, concluded that he was operating with the permission of Martin and that the latter ratified the use on the day of the accident. Assignments of error attack the finding of facts pertaining to the continued and frequent use of the car

by Pozucek and Martin's knowledge of such use, but we are unable to eliminate these and, as requested, to substitute a finding that Martin had no such knowledge until told by his son, on the day of the accident, that Pozucek had taken it to go to work on that day. The testimony of Pozucek was sufficient to support the finding in these respects, and while that of Martin Preneta was vacillating upon this subject, it included admissions which, if believed, indicated that Pozucek used the car for business purposes under an arrangement either with Martin or, at least, with his son with Martin's knowledge and consent.

The question presented by assignments relating to the conclusions and the overruling of the defendant's claims is whether the situation depicted by the finding constitutes permission within the meaning of the policy. As to this we understand the appellant's contention to be that in order to comply with the policy requirement there must be specific permission for the trip upon which damage is inflicted, or, at least, express general authority to use and operate. Assuming, for present purposes, that the facts are insufficient to establish either of these, the crucial question is whether permission implied from a course of conduct known to and acquiesced in by the named assured is sufficient to satisfy the policy provision. In determining the construction to be placed upon an insurance policy, a cardinal rule is that an ambiguous provision "must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to indemnity. . . . When the words are, without violence, susceptible of two interpretations, that which will sustain his claim and cover the loss must, in preference, be adopted." *Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369, 379, 125 Atl. 866, 41 A. L. R. 500, quoting *Barnes* v. *Dirigo Mut.*

*Fire Ins. Co.,* 122 Me. 486, 491, 120 Atl. 675. That the rule is applicable in favor of an additional assured also appears from the *Dickinson* case (p. 379).

It may be granted that the permission which the policy contemplates is something more than mere sufferance or toleration without taking steps to prevent, and that the term is used, rather, in the sense of leave, license, or authority. 6 Words & Phrases (1st Series) 5315; Vol. 3 (2d Series) 975. Permission of the latter kind, however, is not necessarily limited to that granted by arrangement between the parties or otherwise in definite, express terms. It may arise, and be implied, from a course of conduct, pursued, with knowledge of the facts, for such time and in such manner as to signify, and be compatible only with, an understanding consent amounting to a grant of the privilege involved. If "permission" within the policy provision now under consideration was to be interpreted as limited to express or specific authority, the result would be the same as noted, in another connection, in the *Dickinson* case, *supra* (p. 380), to "convert all cases of this character into a contest as to the exact words spoken when permission was secured." If the insurer intended to so restrict the proviso, it readily could and naturally would have done so by appropriate words. If it was found that use of Preneta's car by Pozucek, even to the extent stated by the finding, had been had without his knowledge, permission of the required nature would not be established, but when, as here, it is found that such prolonged, frequent, and habitual use was with knowledge and acquiescence of the owner, it must be regarded as amounting to an authorization and a permission within the policy.

Most of the cases involving this or a similar provision of a policy have concerned, as did the *Dickinson* case, departure, as to extent or nature of use,

from an established permission, or use without any authority, instead of relating to the nature of the permission required. *Drewek* v. *Milwaukee Automobile Ins. Co.*, 207 Wis. 445, 240 N. W. 881; *Stovall* v. *New York Indemnity Co.*, 157 Tenn. 301, 8 S. W. (2d) 473; *Maryland Casualty Co.* v. *Ronan*, 37 Fed. (2d) 449; *Maryland Casualty Co.* v. *Hogue*, 153 Va. 204, 149 S. E. 448; *Fullerton* v. *United States Casualty Co.*, 184 Iowa, 219, 7 N. W. 700, 6 A. L. R. 367; *Odden* v. *Union Indemnity Co.*, 156 Wash. 10, 286 Pac. 59; *Trotter* v. *Union Indemnity Co.*, 33 Fed. (2d) 363. In *Maryland Casualty Co.* v. *Ronan, supra,* however, use by a salesman of his employer's car for personal accommodation was held (p. 450) to be with the permission of the owner "implied by their usage and common practice." See also *Fullerton* v. *United States Casualty Co., supra.* In *Odden* v. *Union Indemnity Co., supra,* Grill, the insured, loaned his automobile to Hickey, who was employed by him to sell real estate on commission. Hickey not only used it for business but also for pleasure and, with the knowledge and consent of Grill, permitted others to do so. It was held that Hickey's permission to Bullock, who was driving at the time of the accident, was in legal effect the same as if Grill had himself permitted Bullock to use the car, so that the latter was to be regarded as operating with the permission of Grill. That ruling, if applied to the present case, would hold Pozucek authorized by Martin Preneta to use the car, irrespective of any express or implied arrangement directly between them, by reason of permission of the son Peter to him to use the car, provided such use was with the knowledge and consent of Martin, as the court finds. The facts found are ample to imply permission by Martin to Pozucek, and we hold that such implied permission

is sufficient to bring Pozucek within the protection of the policy.

There is no error.

In this opinion the other judges concurred.