## UNITED SERVICES AUTOMOBILE ASS'N v. PREFERRED ACC. INS. CO. OF NEW YORK et al.

### No. 4236.

United States Court of Appeals
Tenth Circuit.

July 18, 1951.

Ben Franklin, Oklahoma City, Okl., and John W. Tyree, Lawton, Okl. (Satterfield, Franklin & Harmon, Oklahoma City, Okl., on the brief), for appellant.

Duke Duvall, Oklahoma City, Okl. (Dudley, Duvall & Dudley, Oklahoma City, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The appeal in this case presents for determination the question which of two insurance companies must bear liability under its policy for a judgment rendered in the state court for personal injuries sustained in a traffic accident.

The Preferred Accident Insurance Company, hereinafter referred to as Preferred, issued its policy of automobile public liability insurance to the Right Honorable the Earl of Halifax, British Ambassador to the United States, and other insureds including specifically Colonel Philip Tower, a Lieutenant Colonel in the British Army under Certificate No. 93 which described a Studebaker automobile owned by him. The policy contained a provision which extended coverage to the insured while driving automobiles other than the one described in the policy and belonging to other persons but the extended coverage was restricted to the excess over any other valid and collectible insurance available to the insured. United Services Automobile Association, hereinafter referred to as United, issued to Lieutenant Colonel E. H. Almquist its policy of automobile public liability insurance covering a Ford automobile owned by him. Just before going overseas, Colonel Almquist transferred title and delivered possession of the Ford to his mother, Victoria Almquist. After some intervening correspondence, United issued a new or separate policy in which Victoria Almquist was named as the insured. The policy contained the standard omnibus clause providing that the word insured should include any person while using the automobile if used with the permission of the named insured. The policy was renewed from time to time and remained in force to and including the month of April, 1946. Colonel Almquist returned from overseas in August, 1945. Immediately thereafter his mother delivered the automobile back to him, but no formal transfer of title was executed and United was not advised of any change in status under the policy. And she did not have the auto-

mobile in her continued possession at any subsequent time.

Colonel Tower and Colonel Almquist were both stationed at Fort Sill, Oklahoma. In March, 1946, Colonel Tower borrowed the Ford automobile from Colonel Almquist for his own private purposes; and while using it for such purpose, the automobile and a motor vehicle driven by Horace R. Mantooth, hereinafter referred to as Mantooth, were involved in an accident. Mantooth filed in the state court an action against Colonel Tower for the recovery of damages for personal injury. The attorney for United filed on behalf of Colonel Tower a motion but he later withdrew from the case, and thereafter Preferred defended the action in the name of Colonel Tower. Judgment was rendered for Mantooth in the sum of $4,500.

After entry of the judgment in the state court, Preferred instituted this action against Mantooth seeking a declaratory judgment declaring and determining that it was not liable under its policy in connection with such judgment rendered in the state court. United was subsequently joined as an additional party defendant. The two companies appropriately joined issue as to which was liable under its policy for the judgment in the state court. The court determined that United was liable. Judgment was entered accordingly, and that company appealed.

■ United contends very earnestly that its policy did not cover the liability of Colonel Tower. The argument advanced in support of the contention is that at the time of the accident, Colonel Tower was operating the automobile with the permission of Colonel Almquist; that he was not operating it with the permission of Victoria Almquist; and that therefore there was no liability under the policy. The policy ran to and expressly insured Victoria Almquist, owner of the legal title to the automobile. It also provided coverage to any other person using the automobile with the permission of the named insured. And it is the general rule that in ordinary circumstances the bailee of an automobile having possession of it with the permission of the named insured, in the absence of express or implied authority of the named insured, cannot effectively permit a third person to operate the vehicle so as to bring the third person within the protection of the policy. Samuels v. American Automobile Insurance Co., 10 Cir., 150 F.2d 221, 160 A.L.R. 1191.

■ But it is well settled that under a policy of this kind which provides that the insured shall include any person while using the automobile with the permission of the named insured, it is not essential that express permission of the named insured be given to such use. The necessary permission may be in the form of implied affirmative consent. It may result by implication from the relationship of the parties and their course of conduct in which they mutually acquiesced. And it may arise from a course of conduct pursued with knowedge of the facts for such time and in such manner as to signify clearly and convincingly an understanding consent which amounts in law to a grant of the privilege involved. Tomasetti v. Maryland Casualty Co., 117 Conn. 505, 169 A. 54; Brower to Use of Brower v. Employers' Liability Assurance Co., 318 Pa. 440, 177 A. 826; Ætna Life Insurance Co. v. Chandler, 89 N.H. 95, 193 A. 233; Jackson v. Brown & Kleinhenz, 273 N.Y. 365, 7 N.E.2d 265; Brochu v. Taylor, 223 Wis. 90, 269 N.W. 711; United States Fidelity & Guaranty Co. v. Brann, 297 Ky. 381, 180 S.W. 2d 102. That general rule was clearly recognized in Samuels v. American Automobile Insurance Co., supra. But it did not have decisive application there for the reason that at the time of the accident the insured automobile was not being operated with the implied permission of the named insured.

■ Here, Colonel Almquist bought the automobile in the first instance. His departure for overseas duty in the armed forces brought about the transfer of the legal title and delivery of the possession of the automobile to his mother. Immediately after his return from duty overseas, she turned the automobile back to him. That was perfectly natural in the circumstances. Delivery of the automobile back to Colonel Almquist was without condition, restriction,

or limitation of any kind. Victoria Almquist did not expect to have it in her possession again for any extended period of time. She did not anticipate that it would in the future be devoted to her use. She did not contemplate that she would again exercise continued control and dominion over it for any substantial period of time. Both parties contemplated that he would have possession of it; that he would use it; and that he would exercise complete dominion and control over it either to use it himself or permit others to do so, the same as though the legal title was vested in him. That was implicit in the situation. Any other view would be wholly unrealistic. He expressly permitted Colonel Tower to use it. We think that in these peculiar circumstances, Colonel Tower was using the automobile with the implied permission of Victoria Almquist, within the intent and meaning of the policy; and that therefore his use was within the scope of the coverage. Robinson v. Fidelity & Casualty Co. of New York, 190 Va. 368, 57 S.E.2d 93.

The Judgment is affirmed.