WESTERN CASUALTY & SURETY
COMPANY, a corporation,
Plaintiff-Appellee,

v.

Richard GRICE, Esther Aguirre, minors;
and Miguel E. Lozano, Julia Lozano,
and Hector Lozano, a minor, Defend-
ants-Appellants.

No. 414-69.

United States Court of Appeals,
Tenth Circuit.

March 5, 1970.

Mary C. Walters, of Toulouse, Moore
& Walters, Albuquerque, N. M., for
plaintiff-appellee.

Joe H. Galvan, Las Cruces, N. M.
(Avelino V. Gutierrez, Albuquerque, N.
M., on the brief) for defend-
ants-appellants.

Before PICKETT, HILL and HICK-
EY, Circuit Judges.

HILL, Circuit Judge.

Appellee Western Casualty & Surety
Company brought this declaratory judg-
ment action to determine its liability un-
der an automobile insurance policy is-
sued to one Raymundo Saucedo. The
trial court on appellee's motion for sum-
mary judgment determined from the
pleadings, affidavits, and depositions
that there was no genuine issue of fact
and granted judgment to appellee as a
matter of law.

Appellee's auto liability policy was is-
sued in New Mexico and covered three
cars owned by Raymundo Saucedo. On
Sunday, November 10, 1968, Saucedo
permitted his son Gilbert to take one of
the cars back to college for one week.
Gilbert was a Freshman at Western
New Mexico University at Silver City,
which is 45 miles from his family home
at Lordsburg, New Mexico. The day
after Gilbert arrived at school with the

car, one Richard Grice, a classmate, asked Gilbert to loan him the car for a date the following Wednesday. Gilbert told Grice he would think about it. When Grice asked again on Wednesday, Gilbert agreed to loan the car to Grice. While driving the borrowed car that evening, Grice was involved in a collision with a vehicle driven by appellant Miguel Lozano. Appellant Esther Aquirre was a passenger in the car driven by Grice, and appellants Julia Lozano and Hector Lozano were passengers in the other vehicle. Each appellant suffered bodily injury and Miguel Lozano also suffered property damage.

Appellee's complaint denied liability for any bodily injury or property damage from the accident because the insured automobile was not being used with either the express or implied permission of the named insured or his spouse so as to provide coverage under the policy. Appellants answered in general that Grice had express or implied permission from the named insured to drive the car, and consequently each appellant is covered under the terms of the policy. Upon entry of summary judgment against them, appellants take this appeal contending that the trial judge's grant of summary judgment against them was in error because the pleadings, affidavits, and depositions before the trial judge, taken in the light most favorable to appellants and granting every inference in favor of appellants, raised a question of fact as to whether Richard Grice was driving the named insured's car with his implied permission.

The automobile liability policy issued by appellee to Raymundo Saucedo contains an omnibus clause which defined the word "insured" as follows: "With respect to the insurance under coverages A and B, the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or spouse or with the permission of either." New Mexico statute provides, "The owner's policy of liability insurance: (1) * * * (2) Shall insure the person named therein, and any other person, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle or vehicles within the United States of America * * *."[1] However, the New Mexico courts have not yet had occasion to consider what constitutes implied permission in this context. So we turn to our case of United Services Auto. Ass'n v. Preferred Acc. Ins. Co., 190 F.2d 404 (10th Cir. 1951) which states the generally accepted principle[2] that permission may be in the form of implied affirmative assent resulting from the relationship of the parties and a course of conduct in which they mutually acquiesce, or a course of conduct with knowledge of the facts for such time and in such manner as to signify clearly and convincingly a consent which amounts to a grant of the privilege involved.

Having carefully considered the pleadings and documents before the trial judge, we can only conclude that even when they are taken in the light most favorable to appellants and granting appellants every reasonable inference, no genuine issue of fact existed and summary judgment was proper under Rule 56 of the Federal Rules of Civil Procedure. Appellants' conclusionary allegations and general denials cannot perpetuate an issue of fact, and their affidavit in opposition to summary judgment supports rather than contradicts appellee's

---

1. N.M.S.A., 1953, Section 64–24–87, subd. B. (Supp.1969).

2. 7 Blashfield, Automobile Law and Practice, § 315.10 (3d ed. 1966) ; Couch on Insurance 2d §§ 45 :352, 45 :353, 45 :357. *See* Horn v. Allied Mutual Casualty Company, 272 F.2d 76 (10th Cir. 1959), and cases annot., 4 A.L.R.3d 10 (1968).

pleadings and affidavits. The undisputed facts effectively pierced the sham of false generality of claim, so the case was ripe for summary judgment.[3] Were we to reverse and require that the case be tried, we cannot conceive of any proper disposition other than a directed verdict for appellee. As we have recently said, "While different rules have been promulgated to explicate directed verdicts and summary judgments, in the final analysis they both turn on whether any genuine issue of fact survives the pleadings and depositions or evidence, requiring fact-findings. * * * In practical effect the underlying rule is the same and in both instances the trial court is empowered and enjoined to look through transparency to substance."[4]

It is undisputed that Raymundo Saucedo and Grice were strangers, having no direct relationship. Moreover, the friendly relationship between Gilbert Saucedo and Grice alone is not so significant as to yield a reasonable inference that Gilbert's father impliedly consented to Grice's use of the car.[5] Similarly, the father-son relationship between Raymundo and Gilbert Saucedo, standing alone, is not sufficient to infer that the latter was authorized to loan out the former's car. And we cannot agree with appellants that Raymundo Saucedo gave Gilbert such broad and unfettered dominion over his automobile so as to empower Gilbert to loan the car to a third party and thereby render the third party an additional insured under the policy. Everything in the affidavits and depositions shows that when Gilbert used his father's car, it was with specific restrictions and limitations. While it is true that Gilbert was the family member who mostly used the car involved in the accident, it is also uncontroverted that Gilbert had to obtain express permission

from his father or mother each time he used the car. He did not use the car as he pleased since there was only one set of keys which were kept by his mother who often used the car herself. In addition, Gilbert's two brothers each had equal right to use the car. Moreover, in this instance when Gilbert took the car to college, it was for the specific purpose of providing him with transportation for a hunting trip planned for that week, and the car was to be returned home the following weekend. Though Gilbert was allowed to use the car that week for his other transportation needs, he was specifically limited in his use insofar as his father instructed him not to be "running around town."

The most important limitation placed on Gilbert's use of the car was Raymundo Saucedo's express prohibition forbidding Gilbert to loan the car to any other person. The uncontradicted depositions and affidavits show that beginning with the time when Gilbert got his driver's liense, Raymundo Saucedo laid down a family rule that none of his sons were to lend the family cars or allow any third person to drive them. And further, this rule, though not often repeated by Raymundo Saucedo, was Mrs. Saucedo's constant admonition whenever she turned the car keys over to her sons including Gilbert. There can be no dispute that Gilbert fully understood this rule and recognized it as a condition to his use of the car. The sum of these undisputed facts denies a conclusion that Grice had implied permission to use the car because the law is clear that when the named insured expressly prohibits the operation of a vehicle by any person other than his permittee, a second permittee using the car for his own benefit does not have implied permission.[6] No case cited by appellants found implied

3. H. B. Zachry Company v. O'Brien, 378 F.2d 423 (10th Cir. 1967); Bumgarner v. Joe Brown Company, 376 F.2d 749 (10th Cir. 1967).

4. Fischer Construction Co. v. Fireman's Fund Ins. Co., 420 F.2d 271, 275 (10th Cir. 1969) (opinion filed Dec. 19, 1969).

5. Duff v. Alliance Mutual Casualty Company, 296 F.2d 506 (10th Cir. 1961).

6. 7 Appleman's Insurance Law and Practice § 4361; 7 Blashfield, Automobile Law and Practice § 315.13 (3d ed. 1966); Couch on Insurance 2d § 45:409.

permission when the initial permission was as limited as this case.[7]

Appellants contend that a factual question is raised because Raymundo Saucedo admitted in his deposition that he did not specifically tell Gilbert not to loan the car in the instance when Gilbert took it to college and loaned it to Grice. Appellants also point out that Mrs. Saucedo could not recall whether she had given her usual admonition that particular time. These bald facts completely lose any meaning favorable to appellants in view of the fact that Raymundo Saucedo's prohibition was a family rule of long standing, the fact that the prohibition was never rescinded, and the fact that Gilbert knew the prohibition was in effect when he brought the car to school for that week. Moreover, it is of no moment that Raymundo Saucedo's first statement to his insurance agent stated nothing about the family rule. That statement was merely a short account of the facts of the accident as known by Raymundo Saucedo, and it had no connection to whether Gilbert was prohibited from loaning the car.

■ Appellants also argue that Raymundo Saucedo acquiesced to Gilbert's loan of the car to Grice because on one prior occasion Gilbert had loaned the car and when Saucedo learned of it sometime afterwards, he did not "ground" Gilbert. The undisputed facts are that Gilbert, without the consent or permission of his parents, once permitted his cousin to drive the car while Gilbert was a passenger. We simply cannot agree with appellants that Gilbert's continued permission to use the car after this incident raises a reasonable inference that Grice had Raymundo Saucedo's implied permission to use the car. It is absurd to suggest that permanently "grounding" Gilbert was the only way Saucedo could have denied acquiescence to Gilbert's breach of the family rule. Clearly that single incident did not establish a course of conduct showing acquiescence since every member of the Saucedo family knew that the prohibition against loaning the car was in no way changed or lessened, despite that incident.

Appellants lastly cling to the fact that Grice says in his deposition that an unidentified classmate told him that Gilbert had previously loaned the car to that classmate. Without commenting on the quality of this testimony, it is sufficient to say that we fail to see what significance attaches to the fact that Grice thought Gilbert had loaned out the car before. In this connection, we note that it is uncontroverted that at the time of the alleged loan of the car to the unidentified classmate, Gilbert did not have the car and could not have in fact loaned the car to any person. Moreover, Grice was aware of the fact that Gilbert did not have the car at school at the time when he was supposed to have loaned it because Grice knew that Gilbert never had the car at school except during the Freshmen Orientation in September.

The pleadings, affidavits and depositions simply do not contain any conflicting facts on whether Raymundo Saucedo consented, either expressly or by a course of conduct, to Grice's use of the car. Absent a genuine dispute on the facts, the trial judge was correct in granting summary judgment.

Affirmed.

7. *E. g.* United Services Auto. Ass'n v. Preferred Acc. Ins. Co., 190 F.2d 404 (10th Cir. 1951). *Cf.* Gillen v. Globe Indemnity Company, 377 F.2d 328, 333 (8th Cir. 1967) ; Horn v. Allied Mutual Casualty Company, 272 F.2d 76, 80 (10th Cir. 1959).