**Manuel L. KINER, Appellant,**

v.

**Lyla Lee NORTHCUTT, Appellee.**

**No. 332-69.**

United States Court of Appeals, Tenth Circuit.

March 30, 1970.

Rehearing Denied May 8, 1970.

Gerald P. McDermott, Denver, Colo. (Daniel S. Hoffman, Kripke, Hoffman, Carrigan & Dufty, P. C., Denver, Colo., on the brief), for appellant.

Michael B. Marion, Deisch & Marion, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

The only issue raised on this appeal is whether the trial court correctly directed a verdict for the defendant, a deaf mute, in this action arising out of an intersection automobile collision which left the plaintiff a victim of am-

nesia. Defendant Northcutt's motion was originally granted on two grounds, first, that the plaintiff, Kiner, failed to make out a jury case of negligence and, second, that in any event Kiner's contributory negligence was established as a matter of law. The court later vacated its ruling of contributory negligence as a matter of law and rested its decision solely on Kiner's failure to make out a prima facie case of negligence. We think the plaintiff made out a jury case.

We have often stated that the sufficiency of the evidence to go to the jury in diversity cases is a matter of federal law, Weeks v. Latter-Day Saints Hospital, 418 F.2d 1035, 1037–1038 (10th Cir. 1969), and see also Boeing Co. v. Shipman, 411 F.2d 365, 368–370 (5th Cir. 1969) and cases cited therein. Under this federal standard a directed verdict is justified "only if the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." Fischer Construction Co. v. Fireman's Fund Ins. Co., 420 F.2d 271, 275 (10th Cir. 1969) ; Western Casualty & Surety Co. v. Grice, 422 F.2d 921 (10th Cir. 1970) ; Weeks v. Latter-Day Saints Hospital, supra; Derr v. Safeway Stores, Inc., 404 F.2d 634 (10th Cir. 1968); Gulf Ins. Co. v. Kolob Corp., 404 F.2d 115 (10th Cir. 1968) ; C. H. Codding & Sons v. Armour & Co., 404 F.2d 1 (10th Cir. 1968); United States v. Hess, 341 F.2d 444, 448 (10th Cir. 1965); Cf. Missouri-Kansas-Texas R. Co. v. Hearson, 422 F.2d 1037 (10th Cir. 1970).

With similar frequency we have noted that while the rule is axiomatic, "its application is alway perplexing and necessarily subject to the human equation." High Voltage Engineering Corp. v. Pierce, 359 F.2d 33, 38 (10th Cir. 1966). This being so, "we will not superimpose our second-hand judgment on the trial court unless we can say from our objective appraisal of all of the facts and circumstances that his judgment was clearly wrong." Chicago, Rock Island and Pac. R. Co. v. Howell, 401 F.2d 752, 755 (10th Cir. 1968), citing High Voltage Engineering Corp. v. Pierce, supra.

A review of recent cases in this Circuit reveals few instances in which this court has failed to accept the trial court's appraisal of the sufficiency of the evidence in this often perplexing area of appellate review.[1] Martin K. Eby Constr. Co. v. Neely, 344 F.2d 482 (10th Cir. 1965), aff'd on other grounds 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967), exemplifies the cases in which the trial court's appraisal of the facts was reversed. We thought the evidence wholly insufficient to make out a case of primary negligence and ordered dismissal of the action, noting that under Colorado law the burden of proving negligence "is not sustained by evidence that is surmise, speculation or conjec-

1. For reversal of a trial court's direction of a verdict see Derr v. Safeway Stores, Inc., supra (negligence in supermarket shelving) ; Gulf Ins. Co. v. Kolob Corp., supra (negligence of insurer's agent) ; Giblin v. Beeler, 396 F.2d 584 (10th Cir. 1968) (recovery on promissory notes) ; Christopherson v. Humphrey, 366 F.2d 323 (10th Cir. 1966) (negligence in automobile-bicycle collision) ; Young v. Vincent, 310 F.2d 709 (10th Cir. 1962) (contributory negligence in auto accident) ; Underwriters at Lloyds, London v. Cherokee Laboratories, 288 F.2d 95 (10th Cir. 1960) (coverage of aircraft insurance policy).

And for reversal of the trial court's refusal to direct a verdict see United States v. Wehrli, 400 F.2d 686 (10th Cir. 1968) (an income tax case) ; United States v. Fenix and Scisson, Inc., 360 F.2d 260 (10th Cir. 1966) (an income tax case) ; Martin K. Eby Constr. Co. v. Neely, 344 F.2d 482 (10th Cir. 1965), aff'd on other grounds, 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967) (negligence in construction project) ; Chicago, Rock Island and Pac. R.R. Co. v. McFarlin, 336 F.2d 1 (10th Cir. 1964) (contributory negligence in railroad crossing accident) ; Mutual Life Ins. Co. v. Bohlman, 328 F.2d 289 (10th Cir. 1964) (insured's misrepresentations to life insurer).

ture" or by "the showing of the mere happening of an accident or the occurrence of an injury." 344 F.2d at 485. The question is always whether the established facts justify an inference of negligent conduct; if so, the case must go to the jury.

It is in this context that we review the physical facts. The collision occurred on a clear afternoon at the intersection of Circle Drive, a north-south through street divided by a medial strip, and Fountain Boulevard, an east-west street controlled by stop signs on either side of its intersection with Circle Drive. Kiner, who was traveling east on Fountain, concedes the initial right of way to Mrs. Northcutt, who was traveling north on Circle.

Kiner is suffering from amnesia as a result of the accident and did not testify to any facts concerning the collision. A Mrs. Wilson, who was stopped in the left-hand turn lane on Circle, saw Kiner stop at the Fountain Boulevard stop sign west of the intersection and then proceed across the south-bound lanes of Circle to the point where Fountain Boulevard crosses the medial strip of Circle. Although no stop sign is located at the center of the intersection, Mrs. Wilson said Kiner stopped there. She saw Kiner look south on Circle in the direction of oncoming traffic and then heard his tires on the gravel as Kiner proceeded east across the intersection.

According to the testimony of the investigating police officer, the point of impact was 73′ from the point where Kiner first stopped, 23′ from the point where he last stopped, and 7′ from the eastern boundary of the intersection. His car left skid marks of one foot to the point of collision. Mrs. Northcutt had traveled 12′ into the intersection's 56′ width and skidded 13′ to the point of collision. It thus appears, without dis-

pute, that the Kiner car was almost across the intersection and that the Northcutt car was just entering it at the point of collision.

Mrs. Northcutt testified through an interpreter that she conversed with her young son, sitting on the front seat next to her, about one-third of a mile south of the intersection but did not speak to him again before the collision. She said that she was aware the intersection was a dangerous one and that as she approached the intersection she decreased her speed from forty to thirty miles per hour. The posted speed limit on Circle Drive was 45 miles per hour. On trial Mrs. Northcutt had no memory of the last block before the collision due to head injuries received in the accident, but she also testified that she looked and did not see any other cars at the intersection. In her statement to the police officer following the accident and in her pretrial deposition she made no claim of memory loss and said only that she did not see Kiner's car.

The distinguished trial judge, who was also the trial judge in the Neely case, was impressed by the appellate court's summary in Neely of Colorado standards concerning the sufficiency of the evidence of negligence to go to the jury. He concluded that Kiner had failed to make a prima facie showing of Mrs. Northcutt's negligence since the uncontradicted evidence showed that Mrs. Northcutt was traveling at a speed well within the posted speed limit, was decelerating as she approached the intersection, and was entitled to the right of way.

 We think the physical facts coupled with Mrs. Northcutt's statements that she looked and did not see Kiner's car raise a permissible inference of negligence.[2] There being no obstruc-

---

2. Both parties claim they are entitled to presumptions of due care. In many jurisdictions a party who dies or loses his memory as a result of injuries received in an accident to which there are no eye-witnesses is presumed to have been exer-

cising due care at the time of the accident. Schultz & Lindsay Constr. Co. v. Erickson, 352 F.2d 425, 433–435 (8th Cir. 1965); Chicago, B. & Q. R.R. Co. v. King, 337 F.2d 510 (8th Cir. 1964); Klink v. Harrison, 332 F.2d 219 (3d

tions to her vision, if she had looked she would have seen Kiner and "[t]o have looked in such a manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all." Fabling v. Jones, 108 Colo. 144, 114 P.2d 1100, 1103 (1941), cited in Clibon v. Wayman, 137 Colo. 495, 327 P.2d 283, 284 (1958). The fact that Mrs. Northcutt had the right of way and reduced her speed does not absolve her of a duty to exercise due care by keeping a proper lookout in approaching an intersection which she admittedly knew to be dangerous.

██ Whether or not Kiner was entitled to a presumption of due care the presumption was countervailed if not dissipated by Mrs. Wilson's testimony suggesting that after stopping twice Kiner proceeded into the intersection without due care. We think that contributory negligence was also an issue for the jury on these facts. The judgment is accordingly reversed and remanded for new trial.

Cir. 1963) ; Maryland for Use of Geils v. Baltimore Transit Co., 329 F.2d 738 (4th Cir. 1964) ; Ridgway Nat. Bank v. North American Van Lines, Inc., 326 F.2d 934 (3d Cir. 1964) ; Annot., 141 A.L.R. 872 (1942) ; Annot., 5 A.L.R.3d 69 (1966). Mrs. Northcutt is not entitled to the presumption since her con-tradictory testimony failed to establish that she was suffering from amnesia or that any amnesia resulted from the accident. Webb v. Martin, 364 F.2d 229 (3d Cir. 1966) ; Ernst v. Greenwald, 35 Wis.2d 763, 151 N.W.2d 706, 712 (1967) ; Hom v. Clark, 221 Cal.App.2d 622, 35 Cal.Rptr. 11 (1963).