**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Plaintiff-Appellee,**

v.

**Homer W. BOLDING, Sr., Defendant-Appellant,**

**Thrift Oil Company, A. J. Roath and Gerald W. BOLDING, Defendants.**

**No. 556-70.**

United States Court of Appeals, Tenth Circuit.

Aug. 24, 1971.

Rehearing Denied Oct. 6, 1971.

John B. Ogden, Oklahoma City, Okl., for defendant-appellant.

Robert J. Petrick, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for plaintiff-appellee.

Before MURRAH, PICKETT and DOYLE, Circuit Judges.

MURRAH, Circuit Judge.

United States Fidelity and Guaranty Company (U.S.F. & G.), a Maryland corporation, was the issuer of a surety bond in the amount of $75,000 in favor of the State of Oklahoma, guaranteeing payment of any gasoline or motor fuel excise tax owed to the state by Thrift Oil Company, an Oklahoma corporation. The bond was issued pursuant to an application bearing the signatures of A. J. Roath, as president of Thrift, and Gerald W. Bolding and his grandfather, Homer W. Bolding, Sr., co-partners doing business as AMCO Stations. By the terms of the application Thrift and the Boldings, as principals, agreed to indemnify U.S.F. & G. against any loss resulting from a payment for which it was liable as surety. The principals failed to pay excise taxes on the retail sale of gasoline in an amount in excess of $120,000, and U.S.F. & G. made payment to the state for the face amount of its policy in the sum of $75,000.

U.S.F. & G. then filed suit in the United States District Court for the Western District of Oklahoma against Thrift, Roath, Gerald Bolding and Homer Bolding, Sr., claiming indemnification from them, as principals, for the loss resulting from its payment on the bond. On the trial of the case before

the court without a jury, judgment was entered against Thrift and the Boldings finding them jointly and severally liable as indemnitors of U.S.F. & G. in the amount of $75,000. At a later date the court granted judgment in favor of Thrift on its cross-claim against the Boldings in the amount of $61,500.

After the judgments had been entered Homer Bolding, Sr. retained a different attorney and timely filed a motion for a new trial on the grounds of newly discovered evidence. After hearing additional testimony raising the same defenses relied upon at the trial, the court denied the motion. Bolding, Sr. alone appeals from the final judgment claiming that the decision of the trial court was clearly erroneous because unsupported by the evidence and, in any event, the court erroneously refused to grant a new trial for newly discovered evidence. We affirm the judgment.

Bolding denies liability to U.S.F. & G. on the grounds that he was never a partner in AMCO and that the signature on the bond application was not his. The trial court specifically found, however, that Homer Bolding, Sr. was a general partner in AMCO and that he did, in fact, sign the bond application. Under the "clearly erroneous" doctrine as formalized in Fed.R.Civ.P. 52(a) appellate review of findings of the fact-finder is highly restricted. See Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 290, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). "* * * [A] choice between two permissible views of the evidence is not 'clearly erroneous.'" United States v. Yellow Cab Company, 338 U.S. 338, 342, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949). Indeed, a recent review of case law on this subject reveals few instances in which this court has declined to accept the trial court's appraisal of the evidence. See Kiner v. Northcutt, 424 F.2d 222, 223 (10th Cir.). Suffice it to say, in this case the court had a clear choice and its exercise of it is conclusive.

■ Bolding's new trial motion asserts that prior to the trial his original attorney disclosed that he also represented a client with a conflicting interest and that he sought to excuse himself from the case. A new attorney, retained after the judgment was entered, filed the motion for a new trial, claiming that the first attorney failed to produce and present evidence crucial to Bolding's defense.[1] At a hearing on this motion the court heard testimony from fifteen additional witnesses presented by Bolding. All of the testimony pertained to the issues presented at the trial. After hearing the additional testimony and allowing counsel to present briefs on the issues of law involved, the court denied a new trial.

■ In a case tried without a jury the court necessarily has much greater freedom in determining what action to take on a motion for a new trial than it does on such a motion in a jury action. In a court action "* * * there will be many times when proper relief may be accorded by something far less than an actual new trial, such as the taking of additional testimony [as was done in this case], the amendment of the findings of fact, conclusions of law, or the judgment." 6A Moore, Federal Practice § 59.07, at 3772 (2d ed. 1966).

■■ Denial of a new trial is not an abuse of allowable discretion if it is reasonably clear that further litigation would not be likely to produce a different result. Bartlett-Collins Intern. C.A.

---

1. Although the issue whether Bolding should be granted a new trial as a result of any adverse interest on the part of his attorney was not specifically raised in the briefs, because of references in the oral argument we have considered the matter and reached the conclusion that any conflict was brought sufficiently to Bolding's attention and any objection he might possibly have made was waived by his subsequent actions. United States v. Press, 336 F.2d 1003, 1017 (2d Cir.), cert. denied, Fry v. United States, 379 U.S. 973, 85 S.Ct. 670, 13 L.Ed.2d 563; Hawley v. Hawley, 72 App.D.C. 376, 114 F.2d 745, 750; Deupree v. Garnett, 277 P.2d 168, 175 (Okl.).

Company v. Surinam Navigation Company, 381 F.2d 546, 550 (10th Cir.); McCullough Tool Company v. Well Surveys, Inc., 343 F.2d 381, 410 (10th Cir.), cert. denied, 383 U.S. 933, 86 S.Ct. 1061, 15 L.Ed.2d 851 (1966). It is clear that Bolding has not been denied substantial justice and that a new trial would merely constitute relitigation. The judgment of the trial court and its denial of a new trial were within the sound exercise of judicial discretion and should be affirmed. See Ketchum v. Nall, 425 F.2d 242, 244 (10th Cir.).