Emerson W. DUNTON, Jr., Plaintiff,

v.

COUNTY OF SUFFOLK, State of New York; Suffolk County Police Department, County of Suffolk, State of New York: Robert Pfeiffer and Angela Pfeiffer, Defendants.

No. 81 Civ. 2669.

United States District Court, E.D. New York.

Sept. 30, 1983.

Stanley L. Shapiro, East Setauket, N.Y., for plaintiff.

DeMartin, Kranz, Davis & Hersh, Hauppauge, N.Y., for Robert Pfeiffer.

David J. Gilmartin, Hauppauge, N.Y., for County of Suffolk and Robert Pfeiffer.

Francis E. O'Brien, Deer Park, N.Y., for Angela Pfeiffer.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This matter is now before the Court on various post-trial motions. Before turning to the merits, I feel compelled to make certain observations which I believe are necessary to a full appreciation of the motions now before me.

Throughout the pretrial and trial stages of this case, this Court has functioned largely without any assistance from the attorneys of record. When the trial commenced on March 7, 1983, only the plaintiff had submitted a pretrial memorandum of law, and only the plaintiff had submitted any requests to charge. The issues to be tried were not narrowed by any pre-trial motions. To permit the plaintiff to have his day in court, the preparatory research, which was burdensome and time-consuming, was done by the Court.

After the verdict was rendered and judgment entered, the Court was belatedly inundated by briefs, affidavits and letters, raising a variety of legal arguments, most of which had never before been called to the Court's attention. It is in this context that I view the motions now before me.

I turn first to the motions made by defendant Robert Pfeiffer. The only aspect of Robert Pfeiffer's motion for a new trial which I find merits any extended discussion is his claim that he was prejudiced because his trial attorney, a representative of the Suffolk County Attorney's office, had an inherent conflict of interest which affected his representation and should have prompted his disqualification.

I agree that whether trial counsel should have represented Suffolk County (including its Police Department) and a county police officer individually, presents a serious question. Pursuant to the General Municipal Law the County was obligated to indemnify Officer Pfeiffer for judgments rendered against him for acts performed in his official capacity. Under § 1983, the County could be held liable only if Officer Pfeiffer were found to have been acting "under color of law." Since a major factual question existed in this case as to whether Robert Pfeiffer was acting "under color of law" as a police officer or in his private capacity as an irate husband during the incident in question, the interests of the two defendants were necessarily in conflict. Obviously, the interest of the County would be to avoid liability under § 1983 and for indemnification by a determination that Officer Pfeiffer was acting as an irate husband, while the interest of Pfeiffer would be to receive indemnification by a determination that he was acting "under color of law" if he were found liable at all. I regard this conflict as significant and believe that in future cases where a similar conflict is presented, the Suffolk County Attorney should not represent both the County and the individual officer involved. *See, S. Rodick, The Attorney/Client Relationship and 42 U.S.C. § 1983: The Impact of Owen v. City of Independence,* 14 John Marshall L.Rev. 285 (1981).

Despite this conclusion, I do not find the conflict to present a ground for a new trial here. Although the County of Suffolk may not have been legally obligated to indemnify Officer Pfeiffer for the judgment rendered against him for compensatory damages, they have nonetheless agreed to do so. Thus, any prejudice to defendant Pfeiffer that may have existed on account of this conflict has been entirely eliminated. It is significant to note in this regard that I do not believe that this conflict could have

had any impact on the verdict rendered other than on the question of whether defendant Pfeiffer was acting in his official capacity, i.e., under "color of law," or in his private capacity. Since the jury found that defendant Pfeiffer committed an unjustified battery against plaintiff Dunton, damages would have been awarded regardless of the capacity in which Officer Pfeiffer was acting.

The second potential conflict in cases of this nature arises from the fact that the County is not obligated to reimburse its officers for punitive damages assessed against them even if they were acting in their official capacity. Thus, the County has no monetary incentive to ensure that such damages are not assessed.

When there is no question but that an officer was acting in his official capacity, i.e., "under color of law," this potential conflict is not significant. Although the interests of the County and the individual officer would not be identical on the question of punitive damages, these divergent interests would not conflict since the County would have no incentive in seeing that punitive damages were assessed. Thus, under these circumstances, there would be no reason why counsel representing both the County and the individual officer would provide anything less than vigorous representation to the officer on the question of punitive damages.

The issue becomes somewhat more complicated, however, when it is not clear whether the officer was acting "under color of law" · or in his private capacity because in certain cases the assessment of punitive damages might be influenced by the jury's determination of the "color of law issue." In such a case, the conflict of interest between the County and the individual officer could lead to inadequate representation of the officer.

Despite this potential problem, I do not believe that it existed under the peculiar facts involved here. The basic issue before this jury was whether it believed that Robert Pfeiffer was attempting to aid his allegedly endangered wife, or whether it believed instead that he was attempting to punish the plaintiff for making romantic advances toward her. If the latter was the case, as the jury evidently found, then the punitive damages assessed could be seen as appropriate regardless of whether defendant Pfeiffer was acting "under color of law." Thus, I do not believe that defendant Robert Pfeiffer suffered any prejudice by his representation on the issue of punitive damages.

For the foregoing reasons, I find that the potential conflict of interest involved in this case does not require the granting of a new trial. *See United States Fidelity and Guaranty Co. v. Bolding*, 447 F.2d 462, 464 (10th Cir.1971) ("Denial of a new trial is not an abuse of allowable discretion if it is reasonably clear that further litigation would not be likely to produce a different result"). *See also Alling v. American Tool & Grinding Co., Inc.*, 96 F.R.D. 221 (D.Colo.1982).[1]

Defendant Robert Pfeiffer's remaining arguments can be treated briefly. He argues that the issue of punitive damages should not have been submitted to the jury because his actions were, as a matter of law, provoked by the plaintiff. I disagree,

---

**1.** As a final matter on the conflict of interest question, I find as well that Officer Pfeiffer waived any objection to both conflicts now asserted as grounds for a new trial. In a letter dated August 25, 1981, the Suffolk County Attorney's Office informed Officer Pfeiffer that the County would defend and indemnify him for acts committed in his "official capacity." This letter specifically informed him that the County was not liable for acts committed in his personal capacity or for punitive damages, and suggested that Pfeiffer consult with private counsel for additional advice. In response, Officer Pfeiffer consulted with the law firm of DeMartin, Kranz, Davis & Hersh. On January 15, 1982, this firm sent a letter to plaintiff's attorney stating that it would be "monitoring" the action on Officer Pfeiffer's behalf. Since Officer Pfeiffer and the DeMartin firm were aware of the potential conflict of interest, and failed to take any steps to provide for conflict-free representation, I find that any objection on this ground was knowingly waived. *See United States Fidelity and Guaranty Company v. Bolding*, 447 F.2d 462, 464 n. 1 (10th Cir.1971).

and note in this regard that the defendant failed at trial to object to the submission of the punitive damage issue to the jury. Thus, any argument on this ground was waived.

■ Officer Pfeiffer next contends that he was prejudiced because this Court erroneously exercised jurisdiction over co-defendant Angela Pfeiffer. I find this argument entirely without merit, and simply note that the Federal claims against Angela Pfeiffer were not dismissed until well into the trial stage of this action. Under such circumstances, the exercise of pendent jurisdiction was proper. *See U.M.W. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendant Pfeiffer next argues that he was prejudiced by the erroneous submission to the jury of the malicious prosecution count against Angela Pfeiffer. As I have previously denied the motion of Angela Pfeiffer in this regard, no further discussion is here required.

Finally, Officer Pfeiffer seeks leave to supplement his answer to include a Federal cross-claim against the County of Suffolk. This request is denied. It would be absurd to prolong this litigation by adjudicating a new complaint arising out of the trial of this action. Defendant Pfeiffer is, of course, free to commence an independent action.

■ I next turn to the post-trial motions of plaintiff Dunton. Dunton first argues that he is entitled to a new trial against the County of Suffolk because, contrary to the jury's finding, the County, in its pleadings, admitted that Robert Pfeiffer was acting under color of law. I decline to reach the merits of this argument as it was never raised at trial and was, therefore, waived.

Plaintiff Dunton next contends that he is entitled to a new trial on his § 1985 claim. Plaintiff relies in this regard on the recent Supreme Court case of *Kush v. Rutledge*, —— U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). This request is denied as plaintiff has never before asserted a claim under 42 U.S.C. § 1985(2). *See Plaintiff's Trial Brief.*

Finally, all requests for attorneys' fees are denied as I do not find any party to be deserving of such an award under the facts of this case.

For the foregoing reasons, all post-trial motions are denied.