67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark E. BROWN, Plaintiff-Appellant,
v.
UNIFIED SCHOOL DISTRICT 501, Shawnee County, State of
Kansas, Defendant-Appellee.
 No. 94-3319.
(D.C.No. 91-CV-4011)
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, Circuit Judge; MCKAY, Senior Circuit Judge; and BRETT, Chief District Judge.[2]
 
 
 2
 This appeal involves an issue of attorney conflict of interest. Due primarily to plaintiff's failure to raise the issue at or before trial, we affirm.
 
 
 3
 Plaintiff Mark E. Brown was employed as a teacher by defendant Unified School District 501 in Shawnee County, Kansas (District). In 1991, Mr. Brown filed suit against the District for five alleged acts of employment discrimination occurring between 1988 and 1991. Some of those acts, he alleged, were in retaliation for administrative charges he filed in 1981. Mr. Brown alleged discrimination on the basis of gender and race under 42 U.S.C.1981, and discrimination under Title VII and the Kansas Acts Against Discrimination, the state counterpart of Title VII. 42 U.S.C.2000e; Kan. Stat. Ann. 44-1009. After trial to a jury (on the section 1981 claims) and to the court with an advisory jury (on the Title VII and state claims), judgment was entered in favor of defendant. Mr. Brown made a motion for new trial, which was denied.
 
 
 4
 The basis for Mr. Brown's motion for new trial, the subject of this appeal, is alleged ethical violations on the part of attorney Wendell Betts, who represented the District at trial. In support of his argument, Mr. Brown alleges the following facts. In August 1989, prior to filing this suit, Mr. Brown contacted Mr. Betts "to discuss problems he was having" with the District. A meeting, which included Mr. Brown, Mr. Betts, and Kevin Fowler--an attorney associated with Mr. Betts' firm--took place at Mr. Betts' office and lasted thirty minutes. Mr. Brown alleges at this meeting he told Mr. Betts "specific, detailed, and confidential matters" regarding his prior administrative complaints. Later, Mr. Betts represented the District in the instant case.
 
 
 5
 Mr. Brown's exposition of the facts studiously avoids the substance of the meeting; defendant's goes into more detail. Mr. Betts stated the only information Mr. Brown communicated to him during the meeting was information previously disclosed in Mr. Brown's administrative complaints. Also, Mr. Brown's allegation underlying the instant suit--that a white female teacher was hired instead of him--was not confidential, as it was known to both parties. Further, Mr. Betts advised Mr. Brown at the meeting he could not represent Mr. Brown because of Mr. Betts' prior representation of the District.
 
 
 6
 We review the district court's ruling on a motion for new trial for abuse of discretion. See Buchanan v. Sherrill, 51 F.3d 227, 230 (10th Cir.1995). Factual findings of the district court underlying rulings on attorney conduct are reviewed for clear error. Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1383 (10th Cir.1994).
 
 
 7
 We need look no further than the threshold issue in this case, which is the preservation of conflict of interest as a basis for challenging the verdict. Mr. Brown never moved to disqualify Mr. Betts at or before trial, even though, as a participant in the meeting, he was necessarily aware that it transpired; and, as a party to the suit, he was necessarily aware of Mr. Betts' appearance on behalf of the District. Mr. Robert M. Pitkin, Mr. Brown's court-appointed trial attorney, was apprised of the meeting and advised his client there was no need to make a motion for disqualification.
 
 
 8
 In Redd v. Shell Oil Co., 518 F.2d 311, 312 (10th Cir.1975), we affirmed imposition of sanctions based on a motion to disqualify an opponent's counsel "on the eve of trial." We approved the "summary rejection of the motion" solely on the basis of its lateness. Id. at 315. Redd holds if a party fails diligently to pursue a motion to disqualify, he waives the right to assert the issue. In the instant case, the motion for new trial was made after the trial concluded. Compare Smith v. Whatcott, 757 F.2d 1098, 1100 (10th Cir.1985) (motion to disqualify not untimely where motion was made immediately after client recognized his former attorney's name on letterhead). Mr. Brown does not explain why he failed to raise the issue at or before trial. We conclude he has waived the right to raise it on a post-judgment motion or appeal.
 
 
 9
 Therefore, we need not reach the merits of this appeal on the basis of conflict of interest. However, even if we did, there would be no reason to reverse. To warrant a disqualification based on the conflict of interest arising from prior representation, a party must show three things: (1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the two matters are "substantially related"; and (3) the present client's interests are materially adverse to the moving party. Cole, 43 F.3d at 1384.
 
 
 10
 We need not examine the second prong because the district court here found the first prong was not satisfied. The district court's order on the motion for new trial concludes, albeit implicitly, Mr. Brown had no client relationship with Mr. Betts. This factual conclusion easily survives the standard of review for clear error. The meeting was brief, Mr. Betts gave Mr. Brown no advice, and Mr. Betts informed Mr. Brown of his conflict of interest. As the district court observed, Mr. Brown did not specify what confidential information was communicated at the meeting. Although Mr. Brown accurately cites the rule that a party need not disclose the confidential information used as a basis for an ethical violation warranting disqualification, Cole, 43 F.3d at 1384 n. 8, Mr. Brown still bears the burden of showing some basis for his appeal. See Securities & Exch. Comm'n v. Thomas, 965 F.2d 825, 827 (10th Cir.1992). Such information could have been disclosed to the court in an appropriate and confidential manner on his motion for new trial. The district court did not commit clear error in concluding there was no conflict of interest.
 
 
 11
 Even assuming there was, this court has held the denial of a motion for new trial on the basis of conflict of interest is not an abuse of discretion if the absence of the conflict would not have changed the result. United States Fidelity & Guar. Co. v. Bolding, 447 F.2d 462, 464 (10th Cir.1971). Mr. Brown attempts to distinguish this case based on the different attorney-client relationships at issue there. The distinction is not convincing because it does not alter the policy basis of the decision not to disturb a final judgment unnecessarily. Mr. Brown fails to explain why the alleged conflict would have changed the outcome of the trial, or indeed, how it resulted in any prejudice to him at all.
 
 
 12
 Finally, Mr. Pitkin's awareness of the facts underlying the alleged conflict of interest indicates his advice not to pursue the matter may have been a tactical decision. Preservation of the autonomy of counsel requires the court not to interfere in such decisions. Although this policy consideration usually arises in the context of a claim of ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 689 (1984), it is equally applicable here.
 
 
 13
 As an additional basis for new trial, Mr. Brown claimed inconsistent testimony of witnesses at trial created "intractable conflicts" that indicated perjury and warranted a new trial. He cited disparities between witnesses' trial testimony and deposition testimony. We see no error in the district court's conclusion this did not warrant a new trial.
 
 
 14
 The district court did not abuse its discretion when it denied Mr. Brown's motion for new trial. The judgment is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Thomas R. Brett, Chief Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation